## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORY MURRAY.,

    *Plaintiff,*

v.

PETER WATSON,

    *Defendant.*[1]

                       /

CASE NO. 2:22-cv-11652

HON. NANCY G. EDMUNDS
DISTRICT JUDGE

HON. PATRICIA T. MORRIS
MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS (ECF No. 19), PLAINTIFF'S REQUEST FOR RECORDS (ECF No. 26), PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 33), PLAINTIFF'S REQUEST FOR AWARD OF SETTLEMENT (ECF No. 34), PLAINTIFF'S REQUEST FOR INVESTIGATION (ECF No. 35, AND PLAINTIFF'S REQUEST FOR RESPONSE (ECF No. 37)**

## I. RECOMMENDATION

For the reasons set forth below, **I RECOMMEND** that the Court **GRANT** Defendant's motion to dismiss (ECF No. 19) and **DENY** Plaintiff's motions and requests as moot (ECF Nos. 26, 33, 34, 35, 37).

## II. REPORT

    **A. Background**

---

[1] Plaintiff's complaint states "et al" after Defendant Watson's name but Plaintiff does not name any other Defendants.

1

Plaintiff Gregory Murray filed the instant pro se complaint on July 19, 2022. (ECF No. 1). At the time, Plaintiff was incarcerated at the Parnall Correctional Facility (SMT) in Jackson, Michigan. Plaintiff has since been released and lives at his own residence. Plaintiff's entire statement of facts reads as follows:

> 5-27-22, I was having chest pain, medical refused to promptly see me even having an appt w/check-up for the pacemaker on 4-6-22. On 4-9-22, I was suppose[d] to see the cardiologist but never went to that appt. On 5.20.22, my bp was mentioned and a chart review was made.

(ECF No. 1, PageID.3.) Plaintiff alleges that Defendant was deliberately indifferent to his medical needs under the Eighth Amendment.

## B. Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Accordingly, a plaintiff's complaint shall be dismissed for failure to state a claim if it lacks sufficient "factual matter (taken as true) to" provide "plausible grounds to infer" that the elements of a claim for relief could be met. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see* Fed. R. Civ. P. 12(b)(6). A complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere labels, conclusory statements, or "formulaic recitations" of the elements of a cause of action are not sufficient to meet this burden if they are unsupported by adequate factual allegations. *Id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The requirement to provide a plausible claim does not require that a claim be "probable"; however, a claim

must be more than merely "conceivable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–80 (2009).

When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he courts must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). Still, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The complaint must include more than "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action." *Id.*

To state a claim under § 1983, a plaintiff must allege facts showing (1) the conduct about which he complains was committed by a person acting under color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a

3

plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). A plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Id*. at 375–76; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995). Importantly, liability under § 1983 must be based on more than a theory of respondeat superior. *Monell v. Dep't of Social Svcs.*, 436 U.S. 658 (1978); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984).

### C. Analysis

As noted above, in order to state a § 1983 claim, a plaintiff must make a clear showing that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo*, 423 U.S. at 375; *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995).

As argued by Defendant, Plaintiff fails to include any allegations as to Defendant Watson's involvement in any alleged denial of medical care. (*See* ECF No. 1). Aside from listing Defendant Watson's name in the caption, Defendant Watson is mentioned nowhere else in the complaint. (*See id.*). Because Plaintiff's complaint does not allege any personal involvement by Defendant Watson, the undersigned recommends that the case against him be dismissed. *See Cox v. Dotson*, No. 10-14561, 2012 WL 32715, at *1 (E.D. Mich. Jan. 6, 2012); *Hill v. Whitmer*, No. 20-cv-13440, 2023 WL 196964, at *3 (E.D Mich. Jan. 17, 2023) (adopting magistrate judge's report and recommendation

to dismiss a defendant due to plaintiff's "failure to plead personal involvement"); *Davis v. Straub*, No. 10-14397, 2011 WL 2415357, at *1 (E.D. Mich. June 13, 2011).

I note that Defendant Watson's name is mentioned in a copy of a grievance form attached to the complaint (ECF No.1, PageID.8); however, although that may be relevant to any exhaustion issue, mention in an attached grievance does not cure the deficiency in the complaint itself. See, *Juide v. Michigan Dep't of Corr.*, 2021 WL 6618582, at *5 (E.D. Mich. Dec. 21, 2021).

Even if the Court were to consider the substance of Plaintiff's claim, the result would be the same. Plaintiff's brief statement of facts, other statements, and attached grievance indicate that he did receive treatment, including blood pressure monitoring, pacemaker checks, and neurology appointments, but he alleges that the treatment was not "proactive" and that it was "inadequate." (ECF No. 1, PageID.4-8.) These allegations do not rise to the level of constitutional magnitude but merely allege, at most, medical disagreements or malpractice. *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976)(If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law" such as malpractice.); *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017)("a patient's disagreement with his physicians over the proper course of treatment alleges, at most, a medical malpractice claim, which is not cognizable under § 1983.").

### D. Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendant's motion to dismiss (ECF No. 19) and **DENY** Plaintiff's motions and requests as moot (ECF Nos. 26, 33, 34, 35, 37).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1.) Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981.) The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which

it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d.) The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 20, 2023            s/ PATRICIA T. MORRIS  
                                                       Patricia T. Morris  
                                                       United States Magistrate Judge